UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VELMA LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-1987** |
| **J.M. PROPERTY HOLDINGS, LLC;** <br> **THAO P. MAI; TAMMY SPONBERG** | **SECTION: "G" (4)** |

ORDER

Before the Court is **Motion to Fix Attorneys' Fees (R. Doc. 39).** The motion is opposed. R. Doc. 41. The motion was heard on the briefs.

I.      **Factual Summary**

Plaintiff, Velma Lee alleges that the Defendants discriminated against her based on her familial status by rejecting her application for housing after learning that she had young children. R. Doc. 1. The discovery dispute arose when Defendant Thao P. Mai took the position that she would not attend a deposition or respond to written discovery in her personal capacity, citing her pending motion seeking dismissal pursuant to Rule 12.

II.     **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due

adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. <u>Analysis</u>

### A. <u>Reasonableness of the Hourly Rates</u>

Plaintiff seeks to recover the attorney's fees for Perry Graham ("Graham"), an attorney with the Louisiana Fair Housing Action Center, and Sam Brandao ("Brandao"), the Clinical Assistant Professor of Law in Tulane's Civil Rights and Federal Practice Clinic, as a result of work performed on one Motion to Compel. The rates billed to the client ranges from $190 to $320.

The defendant contend that the rates charged by plaintiff's attorneys exceed the rates available in the New Orleans market and are therefore unreasonable. The defendant contends that the rates sought are solely based on the experience of the supervising attorneys, Graham and Brandao, and not on the experience level of the student attorneys at the Tulane Law Clinic. Defendant contends that the rates requested are not consistent with the jurisprudence from this circuit i.e., based upon the comparable skill experience and reputation. Therefore, defendant rejects the notion that the skill sets

---

to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

of the student attorneys at the Tulane Law Clinic are a reasonable comparison to that of Graham and Brandao and contends that Lee does not propose an alternative rate for the Court to consider.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Plaintiff has attached affidavits from the attorneys who worked on the motion. R. Docs. 39-2 & 39-3. Perry Graham is a Staff Attorney with the Louisiana Fair Housing Action Center where he litigates fair housing statute cases and related civil rights law. Graham attests that he provides legal representation to individuals who experienced housing discrimination including on the basis of

disability, race, and familial status. Rec. Doc. 39-2. In addition to his current work Graham attests that he graduated with honors from Loyola Law School and clerked for U.S. District Judge Carl Barbier. *Id*.

Samuel Brandao attests that he received his Juris Doctor with honors from Tulane University Law School and clerked for U.S. District Judge Eldon Fallon and later for Circuit Judge Jacques Wiener. He currently works as a Clinical Assistant Professor of Law in Tulane's Civil Rights and Federal Practice Clinic. Rec. Doc. 39-3. He attests that he exercised billing judgment for the work he performed on this case and further points out that they do not seek fees for the student attorneys or Clinic Director Lucia Blacksher Ranier.

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15. Having considered the affidavits submitted by the mover, the Court finds that they are not adequate because they do not speak to the rates actually billed and paid in similar lawsuits. However, this does not end the inquiry. The Court will proceed to look at the market rate for the New Orleans area given the years of experience of the billing attorneys.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge

under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Regarding the rate charged by Graham, given his fourth-year specialist experience, the Court finds that his rate of $190 is reasonable. *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $175.00 an hour to a lawyer who had practiced law for five (5) years); See also *Calix v. Marine*, LLC, No. 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016) report and recommendation adopted, 2016 WL 4180977 (approving $180 for first year associate); and *Construction South, Inc. v. Jenkins*, No. 11–1201, 2011 U.S. Dist. LEXIS 99254, 2011 WL 3882271 (E.D. La. July 29, 2011) (Knowles, M.J.) (awarding $180/hour for an associate with two (2) years of experience).

Likewise, Brandao a tenth-year specialist, seeks a rate at $320 per hour for the work he performed. The Court finds that Brandao's rate is reasonable. *See EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience); *See Funez v. E.M.S.P., LLC,* 2019 WL 630295 (2019) (Where attorney with 16 years of experience was awarded 320.00 per hour); and *Hernandez v. U.S. Customs & Border Prot. Agency*, No. CIV.A. 10-4602, 2012 WL 398328 ( E.D. La. Feb. 7, 2012) (where a rate of $300.00 was awarded for 8 years of experience). *See Bd. of*

*Supervisors of La. State Univ. v. Smack Apparel Co.*, No. 04–01593, 2009 WL 927996, at *4–5 (E.D. La. Apr. 2, 2009) ($325.00 per hour was a reasonable hourly rate for an attorney with ten years of specialized experience in trademark litigation, and for an attorney who had twenty-nine years of experience, but not in the particularized field of intellectual property law.) The Court finds that $320 is a reasonable rate for Brandao's work on the matter.

### B. Determining the Reasonable Hours Expended

Graham (7.1 hrs) and Brandao (4.1 hrs.) seek a total of 11.2 hours for the drafting, review and arguing the motion to compel. To the degree that the student attorney participated in the drafting of the motion and memorandum in support of the motion to compel, they do not seek compensation for their work.

Defendant proposes that the hours charged for the work associated with the motion to compel is excessive and suggest that Graham and Brandao should not be compensated for their court appearance. Defendant contends that the supervising attorney did nothing but simply stand in the courtroom while the student attorney presented the oral arguments and that their presence did not add any value to the quality of the presentation by the student attorney.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City*

*of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

The Court has reviewed the contemporaneous billing records and finds that they are largely reasonable with the exception of the rate charged for Brandao's supervision of student attorney Kevin Cole oral argument on the Motion to Compel. The rate of $320 is reduced to $160 for the 2.5 hours spent appearing for the oral argument. Therefore, the reasonable amount for Graham's appearance is $1,349 and Brandao's reasonable fee is $912.00[2]. The total reasonable fee award is $2,261.00.

### C. Johnson Factors

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

Considering the *Johnson* factors, the Court finds that no adjustment is warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Attorney's Fees (R. Doc. 39)** is **GRANTED** and that the Plaintiff is awarded reasonable attorney's fees in the amount of **$2,261.00.**

---

[2] Brandao's reasonable fee is based on 1.6 hours billed at $320 per hour and 2.5 hours billed at $160 per hour.

**IT IS FURTHER ORDERED** that Defendants and their counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 19th day of July 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**