UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VELMA LEE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-1987** |
| **J.M. PROPERTY HOLDINGS, LLC et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court are Defendant Thao P. Mai's ("Mai") "Motion to Dismiss Pursuant to Rule 12(b)(6)"[1] and "Motion for 12(b)(6) Dismissal or Alternatively, Summary Judgment."[2] In this litigation, Plaintiff Velma Lee ("Plaintiff") alleges that Defendant Tammy Sponberg ("Sponberg") discriminated against Plaintiff by refusing to rent Plaintiff a housing unit in the property located at 3700 Division Street, Metairie, Louisiana 7005 (the "Property"), allegedly owned by Mai and managed by Defendant J.M. Property Holdings, L.L.C. ("JM"), due to Plaintiff's familial status, in violation of the Fair Housing Act ("FHA") and the Louisiana Equal Housing Opportunity Act.[3] In the instant motions, Mai argues that Plaintiff has failed to state a claim against her because JM, a limited liability company of which Mai is a member, is the true owner of the Property and because Mai had no personal involvement in the alleged discrimination.[4] Alternatively, Mai argues that she is entitled to summary judgment on this same basis.[5]

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 47.

[3] Rec. Doc. 1.

[4] Rec. Doc. 15-1 at 4; Rec. Doc. 47-4 at 2.

[5] Rec. Doc. 47-4 at 2.

1

Plaintiff opposes the motions and argues that Mai relies on facts outside the pleadings such that the motion should be construed as seeking summary judgment under Federal Rule of Civil Procedure Rule 56.[6] Nevertheless, Plaintiff argues that the complaint alleges facts sufficient to demonstrate both Mai's liability as an owner of the Property and as an agent and employee of JM under the Rule 12(b)(6) standard.[7] Furthermore, under the summary judgment standard, Plaintiff argues that issues of material fact exist as to the management of the Property and Mai's involvement in the alleged discrimination.[8] Alternatively, Plaintiff asks for more time to complete additional discovery to oppose the motions for summary judgment, given Mai's refusal to answer interrogatories or participate in a deposition in her personal capacity.[9] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court denies both motions without prejudice to allow Plaintiff more time to complete discovery.

## I. Background

*A.    Factual Background*

On October 28, 2021, Plaintiff filed a complaint in this Court against Mai, JM, and Sponberg (collectively, "Defendants").[10] In the complaint, Plaintiff alleges that Mai is the owner of the Property, JM manages the Property and employs Mai, and Sponberg was an agent of Mai and JM at the time of the alleged incident.[11] Plaintiff avers that the Property is a dwelling within

---

[6] Rec. Doc. 19 at 2–4; Rec. Doc. 54 at 1.

[7] Rec. Doc. 19 at 5–7; Rec. Doc. 54 at 5.

[8] Rec. Doc. 54 at 10–11.

[9] *Id.* at 15.

[10] Rec. Doc. 1.

[11] *Id.* at 3.

the meaning of the FHA, 42 U.S.C. § 3602(b).[12] Plaintiff asserts that Sponberg refused to rent Plaintiff a unit at the Property upon learning that Plaintiff had two children who would be living there because "her children were opposite genders and too old to share a bedroom."[13]

According to the complaint, "Sponberg stated that the purported prohibition of older children of different genders' sharing a room was . . . the policy of the [Property] owner."[14] Plaintiff also alleges that Sponberg told the Louisiana Housing Action Center during an investigation that Defendants have a policy of not renting to applicants with children at the Property.[15] Plaintiff brings six claims against Defendants alleging discrimination based on Plaintiff's familial status: three violations of the FHA and three violations of the Louisiana Equal Housing Opportunity Act.[16] Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees.[17]

B.   *Procedural Background*

On March 5, 2022, Mai filed a "Motion to Dismiss Pursuant to Rule 12(b)(6)."[18] Plaintiff filed an opposition on March 15, 2022.[19] On March 22, 2022, Plaintiff filed a motion seeking an order to compel Mai to respond to Plaintiff's first set of interrogatories and requests for production

---

[12] *Id.*

[13] *Id.* at 6.

[14] *Id*. at 7.

[15] *Id.* at 9.

[16] *Id.* at 10–12.

[17] *Id.* at 13.

[18] Rec. Doc. 15.

[19] Rec. Doc. 19.

of documents and to compel Mai to appear at a deposition in her individual capacity.[20] On April 26, 2022, the Magistrate Judge granted Plaintiff's motion to compel and ordered Mai to respond to Plaintiff's interrogatories and requests for production within 14 days of the Order.[21] On May 24, 2022, Plaintiff filed a motion to hold Mai in contempt for failing to respond to Plaintiff's interrogatories or requests for production.[22] The Magistrate Judge denied the motion for contempt and ordered Mai to provide discovery responses by July 25, 2022.[23]

On June 21, 2022, Mai filed a second "Motion for Rule 12(b)(6) Dismissal or Alternatively, Summary Judgment."[24] Mai acknowledges that, "although a motion for dismissal was previously filed in this matter, the results of discovery reveal that the complaint was deficient and/or misleading when originally filed, thus giving good cause to a re-urging of this motion."[25] On July 5, 2022, Plaintiff filed an opposition to the second motion.[26] Given that the arguments made by each party in the instant motion and opposition cover those made in the March 5, 2022, motion to dismiss and opposition, the Court addresses the two motions collectively.[27]

---

[20] Rec. Doc. 21.

[21] Rec. Doc. 33. The Magistrate Judge also awarded Plaintiff attorney's fees in the amount of $2,261. Rec. Doc. 59.

[22] Rec. Doc. 43.

[23] Rec. Doc. 65.

[24] Rec. Doc. 47. In the motion, Mai also requested that this Court "stay any discovery and/or proceedings related to discovery involving Mai in her individual capacity until further orders of this court." Rec. Doc. 47-4 at 1. On June 29, 2022, the Court denied this request, and so it is not further addressed in this Order. Rec. Doc. 51.

[25] Rec. Doc. 47-4 at 3.

[26] Rec. Doc. 54.

[27] *Compare* Rec. Docs. 15-1, 19 to Rec. Docs. 47-4, 54.

## II. Parties' Arguments

### A.     *Mai's Arguments in Support of the Motions*

Mai moves the Court to dismiss all claims against her pursuant to either Federal Rule of Civil Procedure 12(b)(6) or 56.[28] Mai makes three arguments in support of the motions. First, Mai argues that the complaint falsely alleges that Mai is the owner of the Property.[29] Mai asserts that public records indicate that JM, a limited liability company of which Mai is a co-member, is the owner of the Property.[30] Furthermore, Mai contends that Plaintiff should have been aware that JM, and not Mai, was the owner of the Property given JM's filing with the Louisiana Secretary of State and JM's cash purchase of the Property recorded with the Jefferson Parish Clerk of Court.[31] Therefore, Mai avers that she cannot be held liable as owner of the Property.[32]

Second, Mai argues that she is not individually liable because "the complaint provides no factual recital whatsoever as to what Mai did personally to 'willfully and intentionally' discriminate against the plaintiff on the basis of familial status."[33]

Third, Mai argues that she is not liable as a member of the LLC because "no such acts of a character arising to the level of extraordinary circumstances required to allow the piercing of the corporate veil are alleged or even shown in this litigation."[34] Mai asserts that Plaintiff may not

---

[28] Rec. Doc. 15; Rec. Doc. 47.

[29] Rec. Doc. 15-1 at 2; Rec. Doc. 47-4 at 5.

[30] *Id.*

[31] Rec. Doc. 47-4 at 5–6 (citing Rec. Doc. 47-1 at 3–10).

[32] *See id.* (citing *Meyer v. Holley*, 537 U.S. 280 (2003), for the proposition that "officers or owners of a corporate entity have individual liability under the FHA, absent extraordinary circumstances"); *see also* Rec. Doc. 15-1 at 4.

[33] Rec. Doc. 47-4 at 6.

[34] *Id.* at 7; Rec. Doc. 15-1 at 3–4.

5

pierce the corporate veil because Mai had "no personal involvement whatsoever in the events which gave rise to these proceedings."[35] In support of this contention, Mai cites Plaintiff's deposition, in which Plaintiff states that she never met nor contacted Mai, that Sponberg contacted Mai during the sequence of events giving rise to this litigation, and that Sponberg made the decision to deny Plaintiff's rental application due to her familial status on her own.[36] Thus, Mai avers that Plaintiff's own testimony "establishes Mai in her personal capacity had no involvement in the events which purportedly give rise to the litigation."[37] Therefore, Mai concludes that the Court should dismiss all claims pending against her with prejudice.[38]

### B.   *Plaintiff's Arguments in Opposition to Mai's Motions*

In opposition, Plaintiff first contends that the complaint properly states a claim for relief under Rule 12(b)(6).[39] Plaintiff argues that the complaint states, and Defendant's answer fails to refute, that Mai is the owner of the Property such that she is liable for any discrimination that occurs at the Property under the FHA.[40] Plaintiff also avers that the complaint alleges facts sufficient to infer that Mai set the discriminatory housing policies such that she is liable under the FHA.[41] However, Plaintiff also asserts that Mai's motions should be construed as motions for summary judgment because they rely on information outside the four corners of the pleadings.[42]

---

[35] Rec. Doc. 47-4 at 7.

[36] *Id.* at 8–12.

[37] *Id.* at 13.

[38] Rec. Doc. 15-1 at 6; Rec. Doc. 47-4 at 13.

[39] Rec. Doc. 19 at 2; Rec. Doc. 54 at 4.

[40] Rec. Doc. 19 at 5; Rec. Doc. 54 at 5–6.

[41] Rec. Doc. 19 at 7. *See also* Rec. Doc. 54 at 6 (arguing that Plaintiff has stated a claim that Mai is liable under the FHA as an employee of JM).

[42] Rec. Doc. 19 at 2; Rec. Doc. 54 at 4.

pierce the corporate veil because Mai had "no personal involvement whatsoever in the events which gave rise to these proceedings."[35] In support of this contention, Mai cites Plaintiff's deposition, in which Plaintiff states that she never met nor contacted Mai, that Sponberg contacted Mai during the sequence of events giving rise to this litigation, and that Sponberg made the decision to deny Plaintiff's rental application due to her familial status on her own.[36] Thus, Mai avers that Plaintiff's own testimony "establishes Mai in her personal capacity had no involvement in the events which purportedly give rise to the litigation."[37] Therefore, Mai concludes that the Court should dismiss all claims pending against her with prejudice.[38]

### B.   *Plaintiff's Arguments in Opposition to Mai's Motions*

In opposition, Plaintiff first contends that the complaint properly states a claim for relief under Rule 12(b)(6).[39] Plaintiff argues that the complaint states, and Defendant's answer fails to refute, that Mai is the owner of the Property such that she is liable for any discrimination that occurs at the Property under the FHA.[40] Plaintiff also avers that the complaint alleges facts sufficient to infer that Mai set the discriminatory housing policies such that she is liable under the FHA.[41] However, Plaintiff also asserts that Mai's motions should be construed as motions for summary judgment because they rely on information outside the four corners of the pleadings.[42]

---

[35] Rec. Doc. 47-4 at 7.

[36] *Id.* at 8–12.

[37] *Id.* at 13.

[38] Rec. Doc. 15-1 at 6; Rec. Doc. 47-4 at 13.

[39] Rec. Doc. 19 at 2; Rec. Doc. 54 at 4.

[40] Rec. Doc. 19 at 5; Rec. Doc. 54 at 5–6.

[41] Rec. Doc. 19 at 7. *See also* Rec. Doc. 54 at 6 (arguing that Plaintiff has stated a claim that Mai is liable under the FHA as an employee of JM).

[42] Rec. Doc. 19 at 2; Rec. Doc. 54 at 4.

Next, Plaintiff asserts that Mai is not entitled to summary judgment.[43] Plaintiff supports this conclusion with four arguments. First, Plaintiff avers that a dispute of material fact exists "as to who was responsible for the management of the [Property]"[44] because Mai was authorized to enter into lease agreements on behalf of JM[45] and fired Sponberg without any input or involvement from Sponberg's superior.[46] Thus, Plaintiff concludes that there is evidence creating a dispute as to whether Mai was personally involved in the day-to-day management of the property.[47]

Second, Plaintiff argues that, even if Mai was not personally involved in the day-to-day management of the Property, Sponberg operated as Mai's agent such that Mai would be individually liable under traditional agency principles as manager of the Property.[48] Plaintiff avers that "'traditional vicarious liability rules ordinarily make principals or employers vicariously liable for the acts of their agents…' including under the [FHA]."[49] Thus, Plaintiff contends that Mai may be liable due to her "negligence in hiring, training, and supervising Defendant Sponberg."[50] In support of this argument, Plaintiff cites testimony that both Sponberg and her superior "received no training on compliance with the [FHA]."[51] Therefore, Plaintiff argues that, by hiring employees to positions where "they were bound to interact with prospective rents of different social, racial,

---

[43] Rec. Doc. 54 at 9.

[44] *See id.* at 10.

[45] *Id.* (quoting Rec. Doc. 54-8 at 4, where JM stated in its response to Plaintiff's Interrogatories that "Mai is authorized to enter into lease agreements on behalf of JM").

[46] *Id.* at 7 (citing Rec. Doc. 54-6 at 94).

[47] *Id*.

[48] Rec Doc. 19 at 6; Rec. Doc. 54 at 7.

[49] Rec Doc. 19 at 6; Rec. Doc. 54 at 5 (quoting *Meyer*, 537 U.S. at 285).

[50] Rec. Doc. 54 at 8.

[51] *Id*. (citing Rec. Doc. 47-5 at 15; Rec. Doc. 47-6 at 14).

and familial backgrounds without providing any training on compliance with the [FHA], Defendant Mai all but guaranteed that a violation would occur."[52] Thus, Plaintiff concludes that summary judgment would not be appropriate given that Mai could be liable for violations of the FHA under traditional agency principles.[53]

Third, Plaintiff argues that a material dispute exists as to whether Mai was involved in the alleged discrimination.[54] Plaintiff asserts that "[Mai] relies on immaterial questions" of whether Mai was "physically on the [Property] at the time of the alleged discrimination, whether [Plaintiff] spoke to [Sponberg] prior to Sponberg denying Plaintiff's application, and whether Plaintiff personally spoke to Defendant Mai" in claiming that Mai was not personally involved.[55] Plaintiff contends that Mai fails to address in the motion the pertinent question of whether she "set and enforced the policy of not renting to families looking to have children of opposite genders share bedrooms."[56] Plaintiff argues that Plaintiff's testimony, rather than establishing that Mai was not involved in the discrimination, creates an issue of material fact as to Mai's involvement.[57] Plaintiff cites "four distinct instances" in her deposition where she recounts "Sponberg's telling [Plaintiff] that the reason for her denial was a specific policy held by the apartment complex owner."[58] Furthermore, Plaintiff avers that Mai's sworn affidavit directly conflicts with JM's statement that

---

[52] *Id*.

[53] *Id.* at 11.

[54] *Id*.

[55] *Id*.

[56] *Id.* at 12.

[57] *Id*.

[58] *Id.* at 12–13 (quoting Rec. Doc. 54-7 at 12, 13, 21, 36).

Mai was authorized to enter into leases on JM's behalf.[59] Thus, Plaintiff concludes that there is "a material dispute as to the direct involvement of [Mai] in her individual capacity."[60]

Finally, Plaintiff asks the Court to at least allow time for the completion of discovery and the deposition of Mai in her individual capacity, if the Court would otherwise grant Mai summary judgment.[61]

### III. Legal Standard

#### A.     *Legal Standard on a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[62] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[63] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[64] "Factual allegations must be enough to raise a right to relief above the speculative level."[65] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[66]

---

[59] *Id.* at 13 (referencing Rec. Doc. 47-1 at 1–2, where Mai states in a sworn affidavit that she was never an employee of JM nor involved in "any decision making or any event which transpired involving [Plaintiff]").

[60] *Id.*

[61] *Id.* at 13–14; *see also* Rec. Doc. 19 at 4.

[62] Fed. R. Civ. P. 12(b)(6).

[63] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[64] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[65] *Twombly*, 550 U.S. at 555.

[66] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[67] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[68] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[69] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[70] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[71] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[72] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[73] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[74]

---

[67] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[68] *Iqbal*, 556 U.S. at 678–79.

[69] *Id.* at 679.

[70] *Id.* at 678.

[71] *Id.*

[72] *Id.*

[73] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[74] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

B.   *Legal Standard on a Rule 56 Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[75] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[76] All reasonable inferences are drawn in favor of the nonmoving party, however, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[77] If the whole record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[78] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[79]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[80] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense,

---

[75] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[76] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[77] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[78] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[79] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[80] *Celotex*, 477 U.S. at 323.

or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[81] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports the nonmoving party's claims.[82] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[83] Instead, the nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[84]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[85] Instead, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time

---

[81] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[82] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[83] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)).

[84] *Id.*; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[85] *Little*, 37 F.3d at 1075.

to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions."[86] Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[87] "Such motions are broadly favored and should be liberally granted."[88]

### IV. Analysis

Mai moves the Court to dismiss all claims against her pursuant to either Federal Rule of Civil Procedure 12(b)(6) or 56.[89] Given that both motions rely on evidence outside the pleadings, the Court construes both motions as seeking summary judgment.[90] Mai argues that she cannot be held liable for Sponberg's alleged refusal to rent a unit at the Property to Plaintiff based on her familial status, in violation of the FHA and the Louisiana Equal Housing Opportunity Act.[91] Mai argues that she cannot be held vicariously liable because Mai is not the owner of the Property, and she cannot be personally liable because there is no evidence that Mai managed the property or participated in the alleged discrimination.[92] Plaintiff opposes, insisting that there is a material dispute as to whether Mai managed the Property, negligently supervised and trained Sponberg as

---

[86] *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb.12, 2004) (citing *Owens v. Estate of Erwin*, 968 F.Supp. 320, 322 (N.D.Tex. 1997))).

[87] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).

[88] *Id.* (citing *Int'l Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1267 (5th Cir. 1991)).

[89] Rec. Doc. 47.

[90] Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Here, both parties have been given the opportunity to present evidence pertinent to the motions.

[91] *See* Rec. Doc. 15-1; Rec. Doc. 47-4.

[92] *See* Rec. Doc. 47-4.

her agent, or participated in the alleged discrimination.[93] Alternatively, Plaintiff requests additional time for discovery so that she can adequately oppose the motions, given Mai's refusal to participate in discovery thus far.[94]

Both the Louisiana Equal Housing Opportunity Act and the FHA broadly ban housing discrimination based on familial status, including, under the FHA, any "refusal to make reasonable accommodations . . . [which] may be necessary to afford [a] protected person equal opportunity to enjoy a dwelling."[95] Under the FHA, a "dwelling" is defined as "any building . . . which is occupied as . . . a residence."[96] In *Meyer v. Holley*, the United States Supreme Court clarified that a claim brought "by a victim of housing discrimination is, in effect, a tort action."[97] Therefore, the traditional theories of tort liability, including a principal's liability for wrongful acts of his agents, apply to violations of the FHA.[98] However, "[a]bsent special circumstances, it is the corporation, not its owner or officer, who is the principal or employer subject to vicarious liability for the torts of its employees or agents."[99]

Plaintiff argues that Mai is an active manager of JM and that Mai participated in the alleged discrimination by creating the discriminatory policy. As a threshold issue, Mai acknowledges in

---

[93] *See* Rec. Doc. 54.

[94] *Id.* at 13–14; *see also* Rec. Doc. 19 at 4.

[95] 42 U.S.C. § 3604(f)(3)(B). *See also* La. Rev. Stat. § 51.2606(c)(ii).

[96] 42 U.S.C. § 3602(b). *See also* La. Rev. Stat. § 51.2603(7) (defining "dwelling" under the Louisiana Equal Housing Opportunity Act as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon at any such building, structure, or portion thereof").

[97] 537 U.S. 280, 282, 286 (2003).

[98] *Id.*

[99] *Id.* at 281.

her affidavit that she is a manager of JM.[100] Under Louisiana law, an LLC's member-manager is not shielded from liability when a claimant has a cause of action against the member-manager individually for a "negligent or wrongful act."[101] Thus, Mai can be held liable for any negligent or wrongful act she committed as manager of the LLC.

Plaintiff argues that Mai actively managed the Property. Defendant argues that Mai cannot be individually liable because Mai was not involved in the management of the Property. In resolving a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmoving party. The Court is persuaded that Plaintiff has pointed to sufficient evidence showing that there are facts in dispute that at least warrant additional discovery on this issue.

Based on the discovery conducted so far, there is some evidence suggesting that Mai was involved in the day-to-day management of the Property in her role as JM's manager. In an interrogatory response, JM stated that it authorized Mai to enter into lease agreements on its behalf.[102] Furthermore, Plaintiff points to evidence showing that Mai, rather than Sponberg's immediate supervisor, fired Sponberg.[103] If Mai was involved in the Property's operations, it is possible that Mai participated in the alleged discrimination. As Plaintiff argues, Mai did not have to be physically present to discriminate against Plaintiff. Rather, Mai could have engaged in wrongful conduct by setting and ordering her employees to enforce a discriminatory policy. Thus, contrary to Mai's suggestion, Plaintiff's testimony that Mai was not present when Sponberg showed Plaintiff the Property does not establish Mai's lack of participation in the discrimination.

---

[100] Rec. Doc. 47-1 at 1.

[101] *Ogea v. Merritt*, 2013-1085 (La. 12/10/13); 130 So. 3d 888, 899 (citing La. Rev. Stat. 12.1320).

[102] Rec. Doc. 54-8 at 5.

[103] Rec. Doc. 54-6 at 92.

Plaintiff presents at least some evidence to suggest that Mai may have implemented the discriminatory policy. Plaintiff repeatedly stated during her deposition that Sponberg mentioned that the discriminatory policy came from the "owner."[104] During her deposition, Sponberg stated that she thought Mai was "one of the owners."[105] Therefore, there is some evidence upon which a reasonable factfinder could rely to find that the discriminatory policy "came from" Mai. Moreover, Plaintiff has not had sufficient opportunity to fully develop the evidence on this issue. Mai has refused to attend a deposition or respond to written discovery in her personal capacity, leading the Magistrate Judge to grant Plaintiff's motion to compel discovery responses from Mai.[106] After the motion to compel was granted, Plaintiff alleges that Mai still failed to comply with the discovery requests, requiring Plaintiff to file a motion to hold Mai in contempt for failing to respond to Plaintiff's interrogatories or requests for production.[107] The Magistrate Judge denied the motion for contempt and ordered Mai to provide discovery responses by July 25, 2022.[108] Clearly, Plaintiff cannot establish the extent of Mai's participation in the management of the Property without Mai's cooperation in discovery.

Because Plaintiff cannot adequately oppose the motions until further discovery is conducted, the Court finds that denial of the motion for summary judgment without prejudice is proper pursuant to Federal Rule of Civil Procedure 56(d).[109] The Court notes that, pursuant to the

---

[104] Rec. Doc. 54-7 at 12, 13, 36.

[105] Rec. Doc. 54-6 at 22 ("I think she's one of the owners. I'm not sure. I've heard [my supervisor] talk about her.").

[106] *See* Rec. Doc. 33.

[107] Rec. Doc. 43.

[108] Rec. Doc. 65.

[109] Pursuant to Rule 56(d), Plaintiff attaches to her opposition of the instant motion a declaration stating that she "cannot present all facts essential to justify its opposition." Rec. Doc. 54-2 at 1.

Court's Scheduling Order, the parties have until September 15, 2022, to complete discovery and any non-evidentiary pretrial motions must be filed in sufficient time to permit hearing thereon no later than October 5, 2022.[110] Accordingly, pursuant to Federal Rule of Civil Procedure 56(d), the Court denies Mai's motions for summary judgment without prejudice to allow the parties additional time to conduct discovery.

### V. Conclusion

For the reasons set forth above, the Court finds that Plaintiff cannot adequately oppose the motions for summary judgment until further discovery is conducted. Accordingly,

**IT IS HEREBY ORDERED** that Mai's "Motion to Dismiss Pursuant to Rule 12(b)(6)"[111] and "Motion for 12(b)(6) Dismissal or Alternatively, Summary Judgment" are **DENIED WITHOUT PREJUDICE** pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

**NEW ORLEANS, LOUISIANA**, this __1st__ day of August, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[110] Rec. Doc. 14.

[111] Rec. Docs. 15, 47.